**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

JASMINE COBBS,                                )
                                              )
      Plaintiff,                           )
                                              )
    vs.                                     )        Case No. 4:25-cv-01711-JSD
                                              )
IWG/REGUS MANAGEMENT                          )
GROUP, LLC, et al.,                           )
                                              )
      Defendants.                          )

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Jasmine Cobbs brings this employment discrimination action under Title VII of the Civil Rights Act of 1964. ECF No. 1. Now before the Court is Plaintiff's motion to proceed *in forma pauperis*, or without prepayment of fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. *See* 28 U.S.C. § 1915(a)(1). Because Plaintiff is now proceeding *in forma pauperis* in this action, her pleadings are subject to review under 28 U.S.C. § 1915. Based on such review, the Court will dismiss this matter without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which

is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-plead facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

### The Complaint

Plaintiff alleges that her employer, IWG/Regus Management Group, LLC ("Regus"),[1] discriminated against her based on her race and gender, in violation of Title VII. ECF No. 1 at 1-2, 5. Besides Regus, Plaintiff also names three individuals as defendants who she worked with at Regus: (1) Richard Bax; (2) Margaret Heath; and (3) Truman Ashby. *Id.* at 1. According to Plaintiff, the alleged discrimination occurred between July or August 2023, and August 2025, and

---

[1] Although not entirely clear from the filings, it appears that Plaintiff was still employed by this defendant at the time of case filing. *See* ECF Nos. 1 at 5 (stating she "worked" for Regus), 2 at 1 (listing Regus as her current employer).

the discriminatory conduct included a failure to promote her, retaliation, and harassment. *Id.* at 3-4. Plaintiff's essential facts of her claim, in its entirety, are as follows:

1.  I am a Black woman who worked for IWG/Regus Management Group, LLC at multiple locations in St. Louis (Spaces CWE, Regus Downtown STL, and the Regus Clayton 7s Building). Regus managed and controlled all locations and employed the managers involved.

2.  In 2023 at the Spaces CWE location, former sales manager (Margaret) spoke to me in a harsh, demeaning manner in front of my direct manager Richard and made negative comments that damaged my reputation, creating early hostility toward me.

3.  At the Regus Downtown STL location, I reported unsafe conditions (including a bed bug incident) to Richard. After speaking up, I experienced retaliation, including being denied a promotion by Richard, treated more harshly than coworkers as well as being transferred to a different location.

4.  At the Regus Clayton 7s location, the hostile environment increased. Sales manager and Margaret's successor (Truman) spoke to me aggressively and continuously maintained a hostile work environment.

5.  When I reported to Richard that Truman gave unauthorized keys to a non-employee, Richard ignored the safety issue and instead reprimanded me, worsening the retaliation.

6.  Margaret later resumed harassing behavior at the Clayton location, including physically pushing my laptop closed and speaking to me in a hostile, accusatory tone, causing anxiety and panic at work.

7.  I reported multiple complaints to Richard regarding the hostile work environment. The mistreatment intensified rather than improving, and my complaints were dismissed without meaningful action. I then filed an EticsPoint complaint.

8.  In August 2025, a client attempted to physically assault me, and management (Richard) minimized my safety concerns and allowed the client to stay. This continued the pattern of harassment, retaliation, and failure to protect me, causing emotional distress and fear at work.

*Id.* at 5-6.

Plaintiff states that she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 12, 2025, complaining about the same conduct

described in the complaint.  *Id.* at 3-5.  She received a right-to-sue letter, issued on August 20, 2025.  ECF No. 1-1 at 1.

For relief, Plaintiff seeks compensatory damages, punitive damages, and front pay.  ECF No. 1 at 7.

## Discussion

After careful review and liberal construction of the allegations of the complaint, the Court finds that this case must be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).  The three (3) individual defendants must be dismissed because Title VII does not impose individual liability.  Furthermore, Plaintiff's claims fail in general because she does not plead any facts suggesting that her treatment by defendants was based on her race or gender.  Dismissal is proper when there are no "circumstances sufficient to permit an inference of discrimination."  *Brown v. Conagra Brands, Inc.*, 131 F.4th 624, 627 (8th Cir. 2025) (quoting *Walker v. First Care Mgmt. Grp., LLC*, 27 F.4th 600, 604 (8th Cir. 2022)).

## I.    Individual Defendants

Title VII prohibits "unlawful employment practice[s]" by an "employer" only.  *See* 42 U.S.C. § 2000e-2(a).  That is, while Title VII covers the conduct of employers, it does not impose individual liability.  *See Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006) ("Title VII addresses the conduct of employers only and does not impose liability on co-workers").  In other words, "supervisors and other employees cannot be held liable under Title VII in their individual capacities."  *Lenhardt v. Basic Inst. of Tech., Inc.*, 55 F.3d 377, 381 (8th Cir. 1995).  As such, Plaintiff's claims against the individual defendants (Richard Bax, Margaret Heath, and Truman Ashby) are subject to dismissal for failure to state a claim.  *See Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994) (concluding "that the claims against the individual

- 4 -

defendants were properly dismissed because liability under 42 U.S.C. § 2000e(b) can attach only to employers").

## II.      Title VII: Failure to Promote

Title VII makes it unlawful for an employer to discriminate against an individual because of her race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2.  To establish a prima facie case of Title VII discrimination, a plaintiff must show that she: (1) is a member of a protected class; (2) was meeting her employer's legitimate job expectations; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated employees who were not members of her protected class.  *Jackman v. Fifth Judicial Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013) (citation omitted).

Here, Plaintiff's allegations fail to assert these requirements.  Plaintiff does describe herself as a "Black woman" and claims that she was denied a promotion.  ECF No. 1 at 5-6.  However, her allegations of mistreatment are not based on her membership in any Title VII protected class.  Plaintiff states that Regus employees spoke to her in a "harsh, demeaning manner," "aggressively," and "in a hostile, accusatory tone."  *Id.* at 5-6.  She also alleges that they "made negative comments that damaged [her] reputation" and ignored safety issues that she raised.  Regardless, none of these allegations of mistreatment have any connection to Plaintiff's race or gender.  Mistreatment is not necessarily illegal discrimination.  Plaintiff does not allege that Regus employees treated her in this manner due to racial animus or because she is a woman.  As to the denial of a promotion, Plaintiff does not assert that she was meeting her employer's job expectations or even that she was qualified for the promotion.  Finally, the complaint is void of any allegations that similarly situated employees of a different race or gender were treated more favorably.  For example, Plaintiff does not state that a white man received the promotion instead of her.  This Court cannot assume facts that are not alleged in the complaint.  *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).  For

all these reasons, Plaintiff's factual assertions are not enough to create an inference that she was discriminated against based on any Title VII characteristics, and therefore, not enough to state a prima facie case of Title VII discrimination.

### III.    Title VII: Harassment

To state a claim of Title VII harassment, a plaintiff must allege that: (1) she is a member of a protected group; (2) that there was unwelcome harassment; (3) that there was a casual nexus or connection between the harassment and her membership in the protected group; and (4) that the harassment affected a term, condition, or privilege of employment. *See Watson v. CEVA Logistics U.S., Inc.*, 619 F.3d 936, 942 (8th Cir. 2010) (citation omitted). Again, Plaintiff here does not state any allegations indicating that her mistreatment was connected to her race or gender. Because she provides no facts suggesting a casual nexus or connection between the alleged harassment and the fact that she is a black woman, her Title VII harassment claim fails.

### IV.    Title VII: Retaliation

Title VII prohibits retaliation against an employee "because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e–3(a). To establish a prima facie case of Title VII retaliation, a plaintiff must show that: (1) she engaged in protected conduct; (2) she suffered a materially adverse employment action; and (3) the adverse action was causally linked to the protected conduct. *Jackman*, 728 F.3d at 804 (citation omitted).

In this case, the Court can discern no protected conduct engaged in by Plaintiff for which she suffered retaliation. Plaintiff states that she was retaliated against after reporting unsafe conditions, including bed bugs and a non-employee having unauthorized keys, to her direct manager. ECF No. 1 at 5-6. Reporting these conditions to a manager is not Title VII protected

- 6 -

conduct.  Plaintiff was not opposing any practice made unlawful by Title VII when she reported safety issues.  For this reason, Plaintiff's Title VII retaliation claim must be dismissed.

## V.    Title VII: Hostile Work Environment

Finally, Plaintiff alleges that her mistreatment by Regus employees constituted a hostile work environment.  To establish a hostile work environment under Title VII of the Civil Rights Act of 1964, a plaintiff must establish five elements, including that: (1) she is a member of a protected group; (2) she was the subject of harassment; (3) there was a causal nexus between the harassment and protected group status; (4) the harassment affected a term, condition, or privilege of employment; and (5) her employer knew or should have known of the harassment and failed to take prompt and effective remedial action.  *Johnson v. United States Postal Serv.*, 2025 WL 752247, at *1 (8th Cir. Mar. 10, 2025) (citing *Hales v. Casey's Mktg. Co.*, 886 F.3d 730, 735 (8th Cir. 2018)).  Similar to her failed harassment claim, this claim fails because Plaintiff provides no facts suggesting a nexus between her alleged harassment and her protected status as a black woman.

For all these reasons, Plaintiff's complaint fails to state a claim for employment discrimination under Title VII of the Civil Rights Act of 1964.  This case will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint because the complaint fails to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's claims against defendants IWG/Regus

Management Group, LLC; Richard Bax; Margaret Heath; and Truman Ashby are **DISMISSED**

**without prejudice**.

    **IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in

good faith.

    An Order of Dismissal will accompany this Memorandum and Order.

    Dated this 25th day of March, 2026.


                                                                                       AUDREY G. FLEISSIG
                                                                                     UNITED STATES DISTRICT JUDGE